# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 16-68 |
| | ) | Judge Nora Barry Fischer |
| ANDRAE PRIDE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On March 29, 2016, Defendant was charged in a three-count Indictment with the following: possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (Docket No. 1).

On August 6, 2019, Defendant filed a Motion to Dismiss Count One of the Indictment for Failure to State an Offense and brief in support of same (Docket Nos. 216, 217) asserting that Count One is insufficient following the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), because it does not allege that Defendant knew he belonged to the relevant category of persons barred from possessing a firearm. On August 22, 2019, the Government filed a Response thereto (Docket No. 220) indicating that it intends to seek a superseding indictment which would include the additional "knowing" element, thereby making Defendant's motion moot. Any reply by Defendant would have been due by September 5, 2019, but none was filed. Accordingly, at that time, the Court took Defendant's Motion to Dismiss under advisement and it is now ripe for disposition.

The Federal Rules of Criminal Procedure require that an indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it includes the elements of the offense intended to be charged, apprises the defendant of what he must be prepared to defend against at trial, and enables him to plead a former acquittal or conviction in the event of a subsequent prosecution. *United States v. Rawlins*, 606 F.3d 73, 78-79 (3d Cir. 2010); *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007). An indictment that fails to charge all elements of a crime must be dismissed. *United States v. Cochran*, 17 F.3d 56, 57 (3d Cir. 1994).

Prior to the Supreme Court's decision in *Rehaif*, to establish the crime of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), the Government was required to allege and prove the following elements: (1) the defendant was previously convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; (2) after this conviction, the defendant knowingly possessed the firearm described in the indictment; and (3) the defendant's possession was in or affecting interstate or foreign commerce. *See* Third Circuit Model Criminal Jury Instruction § 6.18.922G. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and [its associated sentencing statute] § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

In this case, Count One of the Indictment does not allege Defendant's knowledge of his status. *See* Docket No. 1. Following *Rehaif*, Count One therefore fails to allege an element of the offense. The Government apparently concedes this point, in view of its Response indicating that it intends to seek a superseding indictment which would include the additional "knowing"

element.[1]  As stated, the Government's response was filed on August 22, 2019, and no superseding indictment has been filed as of this date.  Accordingly, Count One of the Indictment will be dismissed for failure to allege the element concerning Defendant's knowledge of his status.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 4th day of October, 2019, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Count One of the Indictment for Failure to State an Offense (Docket No. 216) is GRANTED.

*s/ Nora Barry Fischer*  
Nora Barry Fischer  
Senior United States District Judge

cc/ecf:  All counsel of record

---

[1] Further, in recent cases charging a defendant with a violation of 18 U.S.C. § 922(g)(1), the Government has alleged as an element of the offense the defendant's knowledge of his status.  *See e.g.*, *United States v. Andre Joseph Taylor*, Crim. No. 19-277 (Docket No. 3); *United States v. Christian Burrus*, Crim. No. 19-284 (Docket No. 1) (alleging in both cases that the defendant, "knowing he had previously been convicted" of certain prior offenses knowingly possessed, in and affecting interstate commerce, a firearm, in violation of 18 U.S.C. § 922(g)(1)).  The Government also lists knowledge of status as an element of the offense in the Indictment and Information Memoranda in these cases.  *See* Docket No. 4 at Crim. No. 19-277; Docket No. 2 at Crim. No. 19-284.