# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 16-68 |
| ) | Judge Nora Barry Fischer |
| ANDRAE PRIDE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is a Motion for Review of Detention Order (Docket No. 250) filed by Defendant Andrae Pride ("Defendant"). Defendant requests that this Court review the order of detention pending trial issued by Magistrate Judge Patricia Dodge (Docket No. 249) and enter an order releasing him from pretrial custody with certain conditions. The Government filed a Response in opposition, arguing that Defendant remains a flight risk and a danger to the community, thus this Court should affirm Judge Dodge's detention order. (Docket No. 259). After careful consideration of the parties' positions and review of the detention hearing transcript[1] and the referenced Pretrial Services Report, Defendant's Motion is denied.

## I. PROCEDURAL HISTORY

On March 29, 2016, Defendant was charged in a three-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation

---

[1] An official transcript of the detention hearing has not been produced; therefore, the Court relies upon an unofficial draft of the transcript.

of 18 U.S.C. § 924(c)(1)(A)(i). (Docket No. 1). The Government filed a request for detention and Defendant waived his right to a detention hearing on April 20, 2016. (Docket Nos. 11, 17).

Defendant's second court-appointed counsel filed numerous pretrial motions on his behalf, including two suppression motions. (Docket Nos. 87-94, 126-128). Following briefing and a hearing, the Court denied Defendant's suppression motions, ruled on the other pretrial motions and scheduled a trial date. (Docket Nos. 84, 85, 103, 105, 114, 116, 117, 139, 144, 159). At Defendant's request, the trial was rescheduled on December 3, 2018. (Docket Nos. 149, 153, 156).

Due to Defendant's dissatisfaction with his second counsel, Attorney William McCabe, who is his current counsel, was appointed to represent him on October 30, 2018. (Docket No 167). Attorney McCabe filed an amended motion to suppress evidence, which was litigated and ultimately denied on July 3, 2019. (Docket Nos. 208, 209). Defendant subsequently moved to dismiss the felon in possession of a firearm charge based on the Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019), which the Court granted on October 4, 2019. (Docket Nos. 216, 225). A status conference was then held on October 7, 2019, and jury selection and trial were scheduled on February 10, 2020. (Docket Nos. 229, 230).

On October 16, 2019, Defendant was charged in a six-count Superseding Indictment with the following: conspiracy to possess firearms by a convicted felon, in violation of 18 U.S.C. § 371 (Count One); possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (Count Three); possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Four); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five); and conspiracy to tamper with witnesses, in violation of 18 U.S.C. § 1512(k) (Count Six). (Docket No. 231).

Upon motion of Defendant, Judge Dodge held a detention hearing on December 3, 2019 and then entered a written order of detention pending trial. (Docket Nos. 246, 248, 249). Judge Dodge found that the rebuttable presumption under 18 U.S.C. § 3142(e)(3) was triggered in this case based on the nature of the charges against Defendant, and Defendant did not introduce sufficient evidence to rebut the presumption. (Id. at 2). She further found that the information presented at the detention hearing established by clear and convincing evidence that there is no condition or combination of conditions which would reasonably assure the safety of the community if Defendant is released. (Id.). Along with Judge Dodge's findings made on the record at the hearing,[2] she specified in the order the following reasons for detention: the weight of the evidence against Defendant is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in criminal activity while on probation, parole or supervision; his lack of stable employment; his prior attempts to evade law enforcement; his use of aliases or false documents; and his prior violations of probation, parole or supervised release. (Id. at 2-3).

On December 18, 2019, Defendant moved this Court to review the detention order and requests that he be released pending trial. (Docket No. 250). Defendant submits that he can be placed on home detention with electronic monitoring and his brother can serve as a third-party custodian for him. (Id. ¶¶ 9, 13). According to Defendant, that scenario would permit him to have access to his legal materials so that he can prepare for trial, which he is unable to do at the

---

2     Judge Dodge explained on the record that Defendant is facing serious charges and the weight of the evidence is strong, as reflected by the grand jury's return of the Superseding Indictment which establishes probable cause that the offenses occurred. Judge Dodge further explained that she was particularly compelled by Defendant's history, including that he allegedly committed the instant offenses while he was on parole in two different cases, he has prior drug and gun charges, and he previously committed offenses relating to a weapon and procurement of a cell phone while incarcerated at the Allegheny County Jail. Judge Dodge noted that Defendant committed a series of crimes between the ages of 18 and 24, including while on bond or parole. Despite Defendant's brother's willingness to serve as a third-party custodian for him, Judge Dodge found that Defendant's recurrent criminal charges, including drug and gun offenses, support a conclusion that he would be a danger to the community if he is released.

Allegheny County Jail given the conditions and restrictions which exist there. (Id. ¶¶ 9, 18). In arguing for release, Defendant assures the Court that "he would value his freedom and would comply with any conditions of release imposed by the Court." (Id. ¶ 12).

As stated, the Government opposes Defendant's request for release pending trial. (Docket No. 259, ¶¶ 9-20). The Government notes that Defendant makes the same arguments before this Court which Judge Dodge found insufficient at the detention hearing. (Id. ¶¶ 10, 11). As nothing has changed since that hearing, Judge Dodge's reasons for detention cited in her order remain valid and compelling. (Id. ¶ 11). The Court agrees.

## II. ANALYSIS

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*. (the "BRA"), governs release and detention pending judicial proceedings. Under the BRA, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). Following a hearing, if the judicial officer finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community, detention must be ordered. 18 U.S.C. §3142(e). Certain cases raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). This rebuttable presumption applies, among others, to cases in which there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c) or an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3). An indictment charging a defendant with committing an offense enumerated in § 3142(e)(3) is

4

sufficient to establish probable cause triggering the rebuttable presumption. United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986).

Defendant is charged in Counts Three and Four of the Superseding Indictment with conspiracy to distribute heroin and possession with intent to distribute heroin, which each carry a penalty of not more than twenty (20) years' imprisonment. See 21 U.S.C. § 841(b)(1)(C). Defendant is also charged at Count Five with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). These charges raise the rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(e)(3).

A defendant may rebut the presumption in §3142(e) by producing "some credible evidence ... that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light. United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (citation omitted). If the defendant rebuts the presumption, the burden of persuasion remains with the government. Id. Thus, the government bears the burden of proving that defendant presents either a risk of flight or a danger to the community.[3]

The Court agrees with Judge Dodge that Defendant did not introduce sufficient evidence to rebut the applicable presumption that no conditions will reasonably assure the safety of the

---

3    The Government must prove by a preponderance of the evidence that the defendant is a flight risk and that no condition or combination of conditions will assure his appearance at trial. United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986). The Government must prove by clear and convincing evidence that the defendant is a danger to the safety of any other person or the community. United States v. Delker, 757 F.2d 1390, 1399 (3d Cir. 1985).

community.[4]  See Docket No. 249 at 2.  The Court further concludes that, even if Defendant had met his evidentiary burden to rebut the applicable presumption, the Government has presented clear and convincing evidence that pretrial detention was and is appropriately ordered in this case.  In reaching these decisions, the Court has conducted an independent examination of the record evidence and balanced the four factors set forth in 18 U.S.C. §3142(g), which include the following: the nature and circumstances of the offenses charged, including, *inter alia*, whether they involve a controlled substance or a firearm; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court finds that the evidence proffered at the detention hearing favors the Government on each of these cited factors.  First, Defendant has been indicted for very serious controlled substance and firearm offenses, the convictions for which may result in the imposition of a lengthy period of incarceration, (i.e., up to 5 years' imprisonment at Count One, up to 10 years' imprisonment at Count Two, up to 20 years' imprisonment at each of Counts Three and Four and a consecutive 60 months' imprisonment at Count Five).  See 18 U.S.C. §§ 371, 924(a)(2), 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(C).  Defendant is also charged at Count Six with conspiracy to tamper with witnesses, which itself is a serious charge given that it involves threatening or intimidating conduct directed toward others.  As such, this factor weighs against Defendant.

Second, Judge Dodge observed on the record that the weight of the evidence against Defendant is strong, as reflected by the grand jury's return of the Superseding Indictment which

---

4      This Court exercises de novo review over the detention order entered by the magistrate judge.  See Delker, 757 F.2d at 1394-95.  No evidentiary hearing is required before this Court because the record was fully developed before Judge Dodge, and "[t]his court may make its independent determination" on the issue of pretrial detention "based solely upon the evidence introduced at the prior hearing."  United States v. Burgess, No. 2:09-cr-150, 2009 WL 2038148 at *1 (W.D. Pa. July 8, 2009) (citations omitted).  Consequently, the Court has considered the unofficial transcript of the proceedings before Judge Dodge, along with the referenced Pretrial Services Report.

establishes probable cause that the offenses occurred. The Court agrees with Judge Dodge as to this factor, particularly given the Court's familiarity with the evidence admitted at prior hearings on Defendant's suppression motions and the Court's rulings concerning same. While recognizing that Defendant is presumed innocent of the charged offenses, the weight of the evidence against Defendant favors pretrial detention.

Third, with respect to Defendant's history and characteristics, this Court shares Judge Dodge's concern about his criminal history. As Judge Dodge observed, the Pretrial Services Report indicates that Defendant committed a series of offenses between ages 18 and 24, including several firearms and controlled substance offenses (one while on bond) for which he was sentenced to three (3) to six (6) years' imprisonment. Incarceration did not curb Defendant's criminal behavior, as he committed offenses during that period involving weapon procurement and contraband (cell phone) possession. Defendant continued his criminal conduct after he was released from incarceration and on parole by fleeing or attempting to elude police. Ultimately, Defendant was charged with committing the instant offenses while on parole in two cases. Despite this pattern of unlawful behavior, Defendant now claims that "he would value his freedom and would comply with any conditions of release imposed by the Court." (Docket No. 250, ¶ 12). Defendant's robust criminal history strongly suggests otherwise. Defendant has committed crimes while on bond, incarcerated and on parole, which demonstrates to this Court that supervision (and even detention) has done little to deter him from engaging in criminal activity. Other than Defendant's assertion that he would value his freedom and comply with any conditions imposed, he has proffered no evidence that he has the potential to maintain a law-abiding life if released. See Carbone, 793 F.2d at 560.

With that said, Defendant has suggested that he can be placed on home detention with

7

electronic monitoring and his brother, Aaron Pride, who is employed and has no criminal record, can serve as a third-party custodian for him. (Docket No. 250, ¶¶ 9, 13). Defendant submits that he would then have access to his legal materials so that he can prepare for trial, which he supposedly is unable to do at the Allegheny County Jail given the conditions and restrictions which exist there. (Id. ¶¶ 9, 18).

As to Defendant's suggestion concerning his brother, "the mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case." United States v. Bey, Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015). Judge Dodge was well-aware of Defendant's brother's willingness to serve as a third-party custodian, but rejected the idea given Defendant's recurrent criminal charges which compelled her to conclude that he would be a danger to the community if released. This Court shares Judge Dodge's concern about a third-party custodian, regardless of who would assume that role. Although Defendant's brother is no doubt well-intentioned, the mere fact that he is willing to serve as a third-party custodian does not mean that he, or anyone else, could adequately supervise a defendant who is charged with extremely serious drug trafficking and firearms offenses, or monitor one who allegedly conspired to tamper with witnesses.

As to the final factor, the nature and seriousness of the danger to the community that would be posed by Defendant's release likewise favors pretrial detention in this case. Drug trafficking poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like heroin. United States v. Atkins, Crim. No. 15-87, 2015 WL 4920831 at *7 (W.D. Pa. Aug. 18, 2015) (citing United States v. Gibson, 481 F.Supp.2d 419, 423 (W.D. Pa.

8

2007) ("violence is not the only danger to the community this court must consider. The court must also consider the danger of trafficking in illicit drugs.")). Additionally, Defendant is charged with firearms offenses, and the Court observes that the possession of firearms creates a very serious risk of danger when combined with drug trafficking. Further, Defendant's alleged conduct involving witness tampering presents a danger to those members of the community who he may be inclined to contact concerning this case. Therefore, this final factor weighs strongly in favor of detention.

## III. CONCLUSION

For the reasons detailed herein, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial. Accordingly, Defendant's motion for review of detention order is denied.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 27th day of January, 2020, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's Motion for Review of Detention Order (Docket No. 250) is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All counsel of record