## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 16-68 |
| | ) | Judge Nora Barry Fischer |
| ANDRAE PRIDE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

I.     INTRODUCTION

This Court issued Memorandum Opinions on August 10, 2018 and July 3, 2019 denying Defendant Andrae Pride's ("Pride") initial motion to suppress and an amended motion to suppress evidence in this case.  (*See* Docket Nos. 116; 208).    Specifically, the Court upheld the constitutionality of the searches and seizures in this case by: overruling Pride's objections to a warrantless search of his residence by parole officers; rejecting his challenge to a search warrant for a cell phone issued by a federal magistrate judge; and, finding that he knowingly and voluntarily waived his *Miranda* rights and that the statements he made to law enforcement are admissible at trial.  (*Id.*).  In reaching these decisions, the Court conducted multiple evidentiary hearings, heard oral argument and accepted extensive briefing from the parties.  (Docket Nos. 111; 202; 203).

Presently before the Court are Pride's motion for reconsideration, (Docket No. 299), the Government's response in opposition, (Docket No. 301), Pride's reply, (Docket No. 305), and, the Government's sur-reply, (Docket No. 307).   The Court heard oral argument from counsel via videoconference on July 19, 2021, the official transcript of which was filed on August 5, 2021, and received supplemental briefs from Pride on August 12, 2021 and the Government on August

26, 2021.  (Docket Nos. 310; 313; 316; 317).   After careful consideration of the parties' positions and for the following reasons, Pride's motion [299] is denied.

II.     LEGAL STANDARD

The Court initially turns to the governing legal standard.  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); *United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey*, Cr. No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey*, 2011 WL 748152, at *2 (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted); *Kalb*, 891 F.3d at 467.  Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or

facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2. At least at the District Court level, motions for reconsideration should be sparingly granted. *See Cole's Wexford Hotel, Inc. v. UPMC and Highmark, Inc.*, 2017 WL 432947, *2 (W.D. Pa. Feb. 2, 2017).

### III.   DISCUSSION

In support of his motion for reconsideration, Pride has not cited any changes in the controlling law or the availability of any new evidence which is material to the Court's initial decision. (Docket Nos. 299; 305; 316). Rather, he submits that the Court should permit additional hearings and allow further cross-examination of the involved law enforcement officers and then re-weigh the evidence in his favor and suppress the challenged evidence. (*Id*.). Specifically, Pride seeks to reopen the suppression hearing based on his averments that he first learned that the ATF received a multi-sale notification that Sherrelle Clausell purchased several firearms at the Big Butler Gun Show during the initial suppression hearing and that he believes there are discrepancies or inconsistencies in the timeline of events leading to the warrantless search of his residence which were not resolved in the prior proceedings. (*Id*.). The Government counters that Pride has failed to meet his burden to demonstrate that the Court should reconsider its prior orders denying the motions to suppress. (Docket Nos. 301; 307; 317).

In this Court's estimation, reconsideration is not appropriate on the bases advanced by the defense because all of these arguments could have been raised prior to the Court's suppression rulings and are otherwise precluded by the standard governing motions for reconsideration. *See Kalb*, 891 F.3d at 467. The Court reaches this decision for several reasons.

First, "it is well established that evidence provided in response to an adverse ruling which was previously available to the moving party does not constitute 'new evidence' sufficient to justify reconsideration." *United States v. Kubini*, Crim. No. 11-14, 2018 WL 4282852, at *8 (W.D.

Pa. Sept. 7, 2018) (quoting *Durst v. Durst*, 663 F. App'x 231, 237 (3d Cir. 2016) ("while a motion to reconsider can be based on new evidence, 'new' in this context means evidence that could not have been submitted to the court earlier, because it was not previously available, not simply evidence submitted after an adverse court ruling.")). Here, Pride admits that he learned of the multi-sale notification received by the ATF during Agent Martin Vojacek's testimony at the initial suppression hearing. (Docket Nos. 299; 305; 316). He also points to alleged discrepancies between the testimony of the law enforcement officers at the suppression hearings and various law enforcement reports. (*Id.*). However, he has not presented any specific report or other material evidence that he did not have at the time of those proceedings. (*Id.*). As noted, Pride had the full and fair opportunity to litigate all of the issues related to the warrantless search of his residence, the search warrant for the cell phones and the alleged *Miranda* violation, including to: cross-examine all of the Government's witnesses; call his own witnesses; and introduce exhibits. (See Docket Nos. 111 at 4, 118; 202 at 77; 203 at 2). His prior counsel also presented oral argument and extensively briefed the issues through post-hearing findings of fact and conclusions of law. Therefore, Pride has failed to demonstrate that any of these supposed evidentiary issues constitute "new evidence" sufficient to reconsider any of the prior rulings. *See Durst*, 663 F. App'x at 237.

Second, reconsideration is only appropriate if the asserted factual errors are material to the initial decisions such that they would make a difference in the outcome but all of the issues Pride raises now are not relevant to the Court's decision denying his suppression motions. *See Kubini*, 2018 WL 4282852, at *6; *see United States v. Persinger*, 284 F. App'x 885, 887 (3d Cir. 2008) ("if the difference in facts is material, that is, only if the disputed fact makes a difference in the outcome."). As the Court held previously, the totality of the credible evidence presented at the hearings plainly demonstrated that the parole officers had reasonable suspicion to search the

residence Pride shared with Clausell because, among other things, the parole officers received reliable information from a law enforcement source that Clausell had purchased firearms, body armor and gas masks at the gun show and Pride's parole conditions precluded him from living at a residence where firearms were located.  (Docket No. 116 at 15-16).  Pride also arrived at the residence in a vehicle Clausell was driving; was in possession of a large amount of cash and a cell phone upon a pat-down search; and both he and Clausell consented to the search of the residence. (*Id*. at 15-18).  Simply put, none of the alleged disputes that Pride has now raised undermine these core facts, including: the precise circumstances of the multi-sale notification received by ATF which was communicated to the parole agents; whether Pride also violated his parole conditions by traveling to Washington County, attending the gun show, or handling firearms at the gun show; and the chain of custody of the firearm which was recovered from the safe within a bedroom of the residence.  (Docket Nos. 299; 305; 316).  Indeed, this Court has recognized that "discrepancies and other inconsistencies which [a defendant] claims create a chain of custody issue have no bearing on whether the evidence should be suppressed or not" and are insufficient to require an evidentiary hearing on the motion.  *United States v. Stevenson*, Cr. No. 16-189, 2019 WL 4919671, at *5-6 (W.D. Pa. Apr. 4, 2019) (citing *United States v. Jackson*, 363 F. App'x 208, 210 (3d Cir. 2010)).

Third, Pride has failed to meet his heavy burden to demonstrate that the Court should reopen the suppression proceedings a second time in order to convene the requested "*Franks*-type hearing" on these irrelevant factual disputes.  To that end, the Third Circuit has held that "courts should be extremely reluctant to reopen proceedings," including suppression hearings. *United States v. Kithcart*, 218 F.3d 213, 219-20 (3d Cir. 2000) (citation omitted); *see also United States v. Trant*, 924 F.3d 83, 88 (3d Cir. 2019) (noting that restraint on reopening in *Kithcart* applies to

suppression hearings).  In addition, the standard to conduct a traditional *Franks* hearing requires a defendant to prove that agents made false statements, with reckless disregard for the truth, which were material to the finding justifying the issuance of a warrant.  *See e.g., United States v. Folks,* 452 F. Supp. 3d 238, 254-55 (W.D. Pa. Apr. 6, 2020) (citing *United States v. Yusuf,* 461 F.3d 374, 383 (3d Cir. 2006)*, which cited, Franks v. Delaware,* 438 U.S. 154, 171 (1978)).  A "defendant cannot rest on mere conclusory allegations or a 'mere desire to cross-examine,' but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable witness statements."  *Yusuf,* 461 F.3d at 383, n.8 (quoting *Franks,* 438 U.S. at 171).  Following this precedent, Pride has failed to identify the type or quality of evidentiary disputes sufficient to warrant reopening the suppression hearing in this case.

## IV.   CONCLUSION

Based on the foregoing, Pride's motion for reconsideration [299] is DENIED.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: September 23, 2021

cc/ecf: All counsel of record

Andrae Pride c/o Sally Frick, Esq.